

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 15, 1939

Honorable Holvey Williams
Criminal District Attorney
Waco, Texas

Dear Sir:    Attention Mr. Harold O. Clark

Opinion No. O-878
Re: Whether Board of Trustees
of school district can
legally purchase fuel from
a corporation, one of the
nominal stockholders and
officers of which corpora-
tion is a member of the
Board of Trustees.

We are in receipt of your letter of May 25, 1939,
wherein you request our opinion in response to the follow-
ing question:

"Can the Board of Trustees of any
Independent School District legally pur-
chase fuel for use in heating school
building from a corporation, one of the
nominal stock holders and officers of
corporation being a member of the School
where the said fuel is bought on competi-
tive bids and the corporation's bid is
lowest by a substantial amount and where
the said officers of the corporation and
the member of the School Board takes no
part in the transaction either on the
part of the School Board or the Corpor-
ation and is not present when the mat-
ter is discussed and the contract voted
on and let by the School Board?"

You mention Article 373 of the Penal Code which
makes it an offense for any officer of any county, or of
any city or town, to become pecuniarily interested in any
contracts made by such county, city, or town, and direct

our attention to the fact that same does not make any reference to officers of school districts becoming interested in contracts made by such districts. In the case of Schurz vs. Telfer, 74 S.W. (2d) 327, the Court of Civil Appeals says that a school trustee is a county officer. However, it is unnecessary for us to determine whether a school trustee is a county officer, and whether a school contract is the equivalent of a county contract within the meaning of Article 373 of the Penal Code, since we believe it clear that even in the absence of statute the contract which you mention cannot legally be made.

From Dillon on Municipal Corporations, 5th Edition, Volume 2, pages 1140, 1143 to 1145, and 1146 to 1147, we quote as follows:

"It is a well-established and salutary doctrine that he who is intrusted with the business of others cannot be allowed to make such business an object of pecuniary profit to himself. This rule does not depend on reasoning technical in its character, and is not local in its application. It is based upon principles of reason, of morality, and of public policy. It has its foundation in the very constitution of our nature, for it has authoritatively been declared that a man cannot serve two masters, and is recognized and enforced wherever a well-regulated system of jurisprudence prevails. . .

"At common law and generally under statutory enactment, it is now established beyond question that a contract made by an officer of a municipality with himself, or in which he is interested, is contrary to public policy and tainted with illegality; and this rule applies whether such officer acts alone on behalf of the municipality, or as a member of a board of council. Neither the fact that a majority of the votes of a council or board in favor of the contract are cast by disinterested officers, nor the fact that the officer interested did not participate in the proceedings, necessarily relieves the contract from its vice. The fact that the interest of the offending officer in the

invalid contract is indirect and is very
small is immaterial . . .

"Contracts with firms in which a mem-
ber of the council or other municipal offi-
cer is a partner fall within the principle,
and the interest of the officer therein
will taint any such contract with illegal-
ity.  A member of the county council or
other municipal officer is interested in
a contract so as to taint it with illegal-
ity when the contract is made with a cor-
poration of which he is an officer and
under some circumstances with a corpora-
tion of which he is a stockholder."

As said in City of Edinburg vs. Ellis, 59 S.W.
(2d) 99, opinion by the Commission of Appeals:

"It is the general rule that munici-
pal contracts in which officers or em-
ployees of the city have a personal pecu-
niary interest are void."

Such is the rule even in the absence of statute.
Stockton Plumbing & Supply Co. vs. Wheeler, 229 Pacific 1020;
Dillon on Municipal Corporations, 5th Edition, Vol. 2, supra;
6 R.C.L. 740; 44 C.J. 89 to 90; McQuillin on Municipal Cor-
porations, 2nd Edition, Vol. 2, p. 211, and Vol. 3, p. 942.

The fact that the municipal officer is a stock-
holder, or an officer in the corporation with whom the con-
tract is made constitutes such an interest in the contract
as to taint it with illegality in accordance with the above
principles.  Dillon on Municipal Corporations, supra; McQuil-
lin on Municipal Corporations, 2nd Edition, Vol. 2, p. 217,
and Vol. 3, p. 945; 44 C.J. 93; annotations on page 1099 in
L.R.A. (Annotated) 1917-C.

The fact that the municipal officer or trustee ac-
tually takes no part in the matter of letting the contract
is immaterial.  The law contemplates that he shall not allow
himself to be placed in such a situation that he feels called
upon to refrain from taking part in such business.  The pub-
lic which he serves is entitled to his active service, and
his silence or absence is no substitute therefor.  The fact
that such contract is let on competitive bidding does not al-
ter the situation.  The lowest bid is not always the best bid
and a certain discretion is left with public boards in the

letting of contracts on competitive bidding. The authorities rather uniformly forbid the making of such contracts under such circumstances. Our answer to your question is a negative one.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*
Glenn R. Lewis
Assistant

GRL:FG

APPROVED:

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY